Beckwith, Ch. J.
—This is a proceeding instituted by the common council of the city of Buffalo to take the fee of the lands within the boundaries of the street called “ The Terrace,” formerly “ Busti Terrace.”
By the charter the city is empowered to take the fee if the place has been a public street more than ten years. The appellant is the owner of a lot of land fronting two hundred and fifteen feet on the Terrace, and he owns the fee to the middle line of the street. He appeared by counsel on the application of the city for the appointment of commissioners of appraisal, and “ by his •answer, alleged that the city was not seeking to acquire the lands in question for a street, but to enable it to carry out a contract between the Grade Crossing Commissioners and the New York Central & Hudson River Railroad Company, which, he alleged, was in excess of their powers and void.” The answer contained the further specific allegations “ that the said contract provided, amongst other things, for the excavation by said railroad company of a deep cutting through and along said Busti Terrace, and the •construction therein of railroad tracks; that in truth and in fact this proceeding is not instituted by such applicant in good faith, nor for the purpose of acquiring the fee of said premises for public streets, but solely for the purpose of enabling compliance with the said illegal and unauthorized contract so made by the said commissioners.” The grade crossing commissioners were aboard created by statute to make' arrangements and agreements on behalf of the city with railroad companies for crossings of public streets less dangerous to life than crossings at grade, as heretofore existing, and it was claimed that the contract referred to was void because in a form not authorized by statute. On objection by the city attorney to the sufficiency of the answer, the court overruled it and refused to receive evidence in support of its allegations. *418 Brom this decision of the judge at special term the appeal is taken. It is suggested by the appellant’s counsel that the ground upon which this decision was made must have been that the,resolution of the common council which declared the purpose was conclusive ; and therefore he claims that the ruling was erroneous.
It is contended on behalf of the appellant, with a citation of cases supporting the contention, that the court had- jurisdiction to inquire whether the purpose for which the fee was to be taken was a public street or not, and that it was error therefore to exclude the appellant’s proofs upon that subject. “We maintain,” reads the brief, “ that even if the prelimary steps were on their face regular, commissioners should not have been appointed, if the-fee of The Terrace was not being acquired for a street, but for another purpose, and that we were entitled to a hearing on that issue.” And in another part of the appellant’s printed argument he says “the court in this proceeding should have allowed us to show the real purpose for acquiring the fee of the lands in question, and if ■ it was an unauthorized purpose it should not have made the order-appealed from.”
It is to be observed that the proceedings conducted by the city were regular, and in conformity with the provisions of the city charter, and that the resolutions of the common council stated and declared that the lands were to be taken “ in fee for public streets.”
Undoubtedly the court has power to make a preliminary inquiry whether the purpose or use for which land is proposed to be taken is a public use, and by proofs aliunde if necessary; and so, notwithstanding a legislative declaration that the object or use is a public one. Matter of Niagara Falls, etc., R. R. Co., 108 N. Y., 375 ; 13 N. Y. State Rep., 690.
But notwithstanding the apparent correctness of the appellant’s, deduction, that the court, having the jurisdiction to inquire whether the purpose for which land is taken is a public use, ought to have exercised its jurisdiction in this case, and heard the appellant’s proofs in support of the charge that the purpose of the city in taking the fee was not in fact for a public street, still the contention of the appellant is, I think, an erroneous one, and belongs, as it seems to me, to that “ multitudinous body of erroneous reasonings ” where the error originates in and is continued through the argument by the ambiguous use of terms. Here, in legal view, the purpose for which the land is to be taken is the purpose for which, in fact and law, it will be taken, at the-conclusion of the proceedings as a legal consequence of them. The declared purpose is to take the fee for a public street.
The proceeding conducted regularly will result in a taking of the land, authenticated by the record, for use as a public street. But it is contended by the appellant that the real purpose is to-use the land eventually, and necessarily after the city has acquired the title by this proceeding, for railroad purposes, to allow a deep cut to be made through the street for railroad tracks. That purpose is quite a different thing from the purpose which -is the legal result of the proceeding. The latter is the purpose for which the *419 land will be taken. The legal title which the city will acquire will be held for that purpose; the city will unavoidably become vested with and will hold the title in trust for the uses of a public street.
The other purpose of which the appellant speaks is plainly tne ulterior use to which, it is alleged, the common council intend to appropriate the land after the city has acquired the fee. That is the purpose that is in the mind of the legislative authorities as a mental condition. It is quite a different thing from the objective situation into which the title of land is to be placed.
In respect to the propriety of taking the fee of a street, the common council is vested with legislative powers. The legislative power is independent of the judicial power, and the motives and mental processes of legislative bodies, if the result of their proceedings must be legal, cannot be inquired into by the courts. Milhau v. Sharp, 15 Barb., 193.
If this proceeding is carried through regularly to a conclusion, when the report of the commissioners shall be confirmed, the city will have acquired the fee for the uses of a public street. That a street is a public use does not admit of discussion. But that a public street is not a public use is not what the appellant wants to show; but that is as far as the court has jurisdiction to go.
If the common council, conceiving that it would be for the interest of the people, had "instituted proceedings to take lands for the maintenance and use of the Panorama of the Battle of Gfettysburgh, an answer that that was not a public use would not have been so plainly demurrable.
In the appellant’s contention it is assumed correctly as a primary proposition of law that the court may inquire whether the purpose for which land is to be taken is a public use, but as the argument proceeds, an ulterior purpose existing in the mind of the legislative body is substituted for that purpose which is the declared ■object of the proceeding, and respecting the character of which the court has judicial authority to inquire. Lands may be taken only for public use, and it follows clearly that it is within the province of the courts to determine whether there is agreement or disagreement between the fact and the rule of law; whether the use for which it is declared the lands are to be taken is a public use. That is a judicial process quite different from an investigation as to what fraudulent or illegal purposes are existing in the minds of the members of the legislative body. It is essential to a legal exercise of the power of eminent domain, at least as evidenced by the universal practice, that the purpose or object for which private property is taken should be declared, and the fact, therefore, which falls under judicial cognizance is whether the use for which it is declared the property is to be taken, is a oublic use.
For reasons thus imperfectly stated, I am of the opinion that the order apoealed fromjhould be affirmed.